In the Matter of Disciplinary Proceedings Against David L. Ham, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

David L. Ham,
Respondent.

Supreme Court

*No. 2005AP2187–D. Decided April 5, 2006.*

2006 WI 30

(Also reported in 711 N.W.2d 649.)

366

¶ 1. PER CURIAM. We review the report and recommendation of referee Norman C. Anderson that Attorney David L. Ham's license to practice law in Wisconsin be revoked, that he be ordered to provide an accounting and pay restitution to certain clients, and that he be ordered to pay the costs of this proceeding following Attorney Ham's default in response to the complaint filed by the Office of Lawyer Regulation (OLR).

¶ 2. After our review of the matter, we adopt the referee's findings of fact and conclusions of law and revoke the license of Attorney Ham to practice law in this state. We also order Attorney Ham to pay restitution to four clients, to provide an accounting and return all unearned retainer fees to two other clients, and to pay the costs of this proceeding.

¶ 3. Attorney Ham was admitted to practice law in Wisconsin in 1994. His license has been suspended on three prior occasions for failure to cooperate with the OLR's grievance investigations, most recently on January 11, 2005. His temporary suspension remains in effect.

¶ 4. The present proceeding arises out of a complaint filed by the OLR on August 29, 2005, and served on Attorney Ham on September 7, 2005. Attorney Ham

367

did not respond to the original complaint. On October 11, 2005, the OLR filed a 79–page amended complaint containing 53 separate counts of alleged wrongdoing. The amended complaint was personally served on Attorney Ham on October 17, 2005.

¶ 5. Referee Norman Anderson set a scheduling conference for November 10, 2005, but Attorney Ham failed to appear. On that same date, because Attorney Ham had not responded to the original complaint or the amended complaint, the OLR filed a motion for default judgment against him. Attorney Ham still did not respond.

¶ 6. By written order filed December 12, 2005, Referee Anderson granted the OLR's motion for default judgment. The referee also filed his report and recommendation. He adopted the allegations of the amended complaint as his factual findings and concluded, based on those findings, that Attorney Ham had committed professional misconduct as alleged in each of the 53 counts of the amended complaint. Given the serious nature of Attorney Ham's violations and the pattern of repeated violations, the referee recommended that Attorney Ham's license to practice law in this state be revoked in order to protect the public. He also recommended that Attorney Ham be ordered to pay restitution to four clients, to provide an accounting and return unearned fees to two other clients, and to pay the costs of this proceeding.

¶ 7. Attorney Ham did not appeal from the referee's report and recommendation. Consequently, the matter is submitted to this court for its consideration pursuant to SCR 22.17(2).[1] In our review, the

---

[1] SCR 22.17(2) provides: Review; appeal.

referee's findings of fact are to be affirmed unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay*, 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). The referee's conclusions of law, however, are subject to de novo review. *See In re Disciplinary Proceedings Against Carroll*, 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718.

¶ 8. The OLR's amended complaint, the factual allegations of which were accepted as true by the referee due to Attorney Ham's default, details misconduct relating to 16 different clients. The relevant facts and the legal conclusions they support will be summarized as briefly as possible below.

▮▮▮▮

¶ 9. Client G.S. retained Attorney Ham in a criminal case to file a post-conviction motion for relief and an appeal. G.S.'s mother mailed checks in the total amount of $8000 to cover the attorney fees through appeal. When G.S. had not heard from Attorney Ham in quite some time, he left multiple messages for Attorney Ham to the effect that if Attorney Ham was unable to complete the tasks, he would like a refund of his retainer. After failing to respond to G.S.'s messages, Attorney Ham finally informed G.S. that he had completed the post-conviction motion and would be filing it immediately. This was false, as Attorney Ham had not yet drafted the motion. After G.S. became concerned when he still received no copy of the motion and subsequently learned from the clerk of court that no

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

motion had ever been filed, he again tried to reach Attorney Ham to obtain an explanation. Attorney Ham failed to return the calls promptly. When he finally did speak to G.S., Attorney Ham told him that a temporary worker must have made an error in sending out the motion. This was also a false statement. G.S. ultimately sent a letter to Attorney Ham terminating his services, requesting his case file, and seeking a refund. It took Attorney Ham almost two months to complete the process of returning G.S.'s file and refunding the retainer.

¶ 10. When the OLR attempted to contact Attorney Ham about G.S.'s grievance, he initially asked for additional time to file his response, but then never submitted any response. The OLR was forced to seek an order temporarily suspending Attorney Ham's license for failure to cooperate, which this court granted on March 11, 2004. After Attorney Ham finally submitted a written response, the OLR moved for a lifting of the temporary suspension, which this court granted on April 7, 2004. When the OLR requested additional information from Attorney Ham, however, he again failed to respond.

¶ 11. With respect to G.S., the referee concluded that Attorney Ham had violated SCR 20:1.4(a)[2] by failing to keep a client reasonably informed about the status of a matter and to comply promptly with a client's reasonable requests for information. The referee also concluded that Attorney Ham's statements about having completed the motion and about his

---

[2] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

temporary employee having erred in filing the motion were false, constituting conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[3] Finally, the referee concluded that Attorney Ham's failure to provide a written response to the grievance until after his license had been temporarily suspended and his failure thereafter to respond to the OLR's request for additional information constituted violations of SCR 22.03(2),[4] SCR 22.03(6),[5] and SCR 21.15(4),[6] which are supreme court rules regulating the

---

[3] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit and misrepresentation."

[4] SCR 22.03(2) provides: Investigation.

> (2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] SCR 21.15(4) provides that "[e]very attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys."

371

conduct of lawyers, thereby also violating SCR 20:8.4(f).[7]

¶ 12. Count 4 of the complaint involves a grievance filed by client B.H., who alleged that Attorney Ham had failed to obtain an affidavit that the police had used as the basis for obtaining a search warrant, which had led to charges being filed against B.H. In July and August 2004 the OLR attempted to contact Attorney Ham about B.H.'s grievance, but Attorney Ham failed to respond, even failing to claim the OLR's certified letter. On September 1, 2004, the OLR personally served Attorney Ham with a letter requiring a response within seven days. Attorney Ham again failed to respond. Only after the OLR sent yet another letter, this time threatening a motion for temporary license suspension, did Attorney Ham provide a written response on September 30, 2004. Based on these facts, the referee concluded that Attorney Ham had willfully failed to provide relevant information and documents to the OLR in a grievance investigation in violation of SCR 21.15(4),[8] SCR 22.03(2),[9] and SCR 22.03(6),[10] thereby also violating SCR 20:8.4(f).[11]

¶ 13. In mid-August 2003 Attorney Ham was contacted about representing an incarcerated person,

---

[7] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[8] See note 6.

[9] See note 4.

[10] See note 5.

[11] See note 7.

M.H., concerning a motion to obtain 160 days of sentence credit, which would have resulted in M.H.'s release date being moved up to September 30, 2003. During an initial telephone conversation, Attorney Ham acknowledged the urgency of the situation and stated that he would either seek a stipulation or file a motion for the sentence credit as soon as he received a $1000 retainer. A friend of M.H. mailed a $1000 check to Attorney Ham on August 29, 2003, and M.H. mailed a signed retainer agreement on September 8, 2003. When Attorney Ham failed to respond to multiple messages left by M.H. and his friend, M.H. terminated the representation on September 14, 2003, and requested the return of the retainer less any costs or expenses. Attorney Ham has admitted that he did not earn the entire retainer fee, but he has not returned the money to M.H. or his friend.

¶ 14. Attorney Ham again failed to respond to the OLR's inquiries regarding M.H.'s grievance. After three months of sending and personally serving multiple letters requesting a reply, with no response, the OLR moved for a temporary suspension of Attorney Ham's license to practice law, which this court granted on September 16, 2004. Attorney Ham finally filed a response on October 13, 2004. The OLR then moved for reinstatement of Attorney Ham's license, which this court granted on November 17, 2004.

¶ 15. The referee found that Attorney Ham's failure to refund the unearned retainer fee to M.H. and to return M.H.'s client file to him as requested constituted a violation of SCR 20:1.16(d),[12] which requires an attorney, upon termination of a representation, to take

---

[12] SCR 20:1.16(d) provides: Declining or terminating representation.

steps to the extent reasonably practical to protect the client's interests. The referee also found that Attorney Ham had willfully failed to cooperate with the OLR's grievance investigation in violation of SCR 21.15(4),[13] SCR 22.03(2),[14] and SCR 22.03(6),[15] thereby also violating SCR 20:8.4(f).[16]

¶ 16. Counts 7–9 relate to Attorney Ham's representation of R.L. concerning charges of operating a motor vehicle while intoxicated (OWI) and of operating with a prohibited alcohol concentration (OWPAC). After receiving a $750 retainer and entering not guilty pleas on R.L.'s behalf on January 29, 2004, Attorney Ham stopped all communications with R.L. On March 1, 2004, R.L. moved to Arizona. Because Attorney Ham's license was temporarily suspended at the time, he did not appear at the March 26, 2004, scheduling conference. At that conference, the prosecutor offered a plea agreement, pursuant to which R.L. would plead guilty to the OWI charge, pay a $175 forfeiture, and have his Wisconsin driver's license suspended for six months.

¶ 17. In May 2004 R.L. filed a grievance with the OLR, complaining that Attorney Ham was not commu-

---

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[13] See note 6.

[14] See note 4.

[15] See note 5.

[16] See note 7.

nicating with him. The OLR attempted to persuade Attorney Ham to contact R.L. and also to obtain a written response from Attorney Ham to the grievance, but to no avail. During the summer months, the court proceedings were delayed, with the court rescheduling the pretrial conference for September 1, 2004. During this time, the OLR continued to seek information from Attorney Ham, but he failed to respond.

¶ 18. On September 1, 2004, Attorney Ham accepted the prosecutor's offer of a plea agreement with R.L. pleading guilty/no contest to the OWI charge. Consequently, R.L.'s license was revoked for six months, he was ordered to undergo an alcohol assessment, and was ordered to pay the sum of $691. R.L. was never notified of this particular offer and was not given the opportunity to accept or reject it. This resolution of the Wisconsin case may have impacted R.L.'s Arizona driver's license.

¶ 19. Although Attorney Ham finally filed a written response to R.L.'s grievance on October 14, 2004, he failed to respond fully to the grievance. The OLR continued to seek the necessary additional information from Attorney Ham, but he never provided it. Ultimately, the OLR again moved for the temporary suspension of Attorney Ham's license to practice law, which this court granted on January 11, 2005. Attorney Ham's license has remained suspended through the date of this opinion.

¶ 20. The referee concluded that by failing to inform his client of the status of negotiations with the State and by failing to respond to his client's numerous requests for information, except on one occasion, Attorney Ham had failed to keep the client reasonably informed about the status of a matter and to comply promptly with reasonable requests for information,

contrary to SCR 20:1.4(a).[17] The referee also found that for two separate periods of time, Attorney Ham had willfully failed to provide requested information to the OLR and to cooperate with its grievance investigation, in violation of SCR 21.15(4),[18] SCR 22.03(2),[19] and SCR 22.03(6),[20] thereby also violating SCR 20:8.4(f).[21]

¶ 21. Counts 10–12 relate to Attorney Ham's representation of T.L. on a criminal traffic matter. On July 26, 2004, Attorney Ham met with T.L. for the first and only time. T.L. paid Attorney Ham a $1000 retainer. Nonetheless, Attorney Ham failed to appear at T.L.'s initial appearance on August 2, 2004. After finding probable cause, the circuit court bound the case over for trial and scheduled a status hearing for August 17, 2004. Although T.L. placed numerous telephone calls and even personally left a written message for Attorney Ham at his office, Attorney Ham did not respond. T.L. ultimately retained a different attorney to complete the traffic matter and sought the return of the $1000 retainer he had paid to Attorney Ham.

¶ 22. After T.L. filed a grievance on September 1, 2004, the OLR sent multiple letters to Attorney Ham over the next several months seeking a response to the grievance. Attorney Ham never responded, even after this court issued an order to show cause why his license should not be temporarily suspended. As noted above, Attorney Ham's license to practice law in Wisconsin was temporarily suspended on January 11, 2005.

---

[17] See note 2.

[18] See note 6.

[19] See note 4.

[20] See note 5.

[21] See note 7.

¶ 23. With respect to the T.L. representation, the referee concluded that Attorney Ham's failure to attend the August 2, 2004, initial appearance, or to otherwise provide any services on T.L.'s behalf had constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3.[22] He further concluded that by failing to respond to T.L.'s telephone calls or his written message, Attorney Ham had failed to keep the client reasonably informed about the status of a matter and to comply promptly with reasonable requests for information, contrary to SCR 20:1.4(a).[23] Finally, the referee again concluded that Attorney Ham had violated SCR 21.15(4),[24] SCR 22.03(2),[25] and SCR 22.03(6),[26] thereby also violating SCR 20:8.4(f),[27] when he willfully failed to respond to the OLR's grievance investigation.

¶ 24. Counts 13–17 relate to Attorney Ham's representation of K.P. regarding an OWI charge. K.P. retained Attorney Ham on September 13, 2004, and paid him a retainer of $1500, which Attorney Ham said would cover the entire representation. Attorney Ham also told K.P. that he would appear on her behalf at the initial appearance scheduled for September 30, 2004, and that she need not appear personally. Over the next two weeks, K.P. tried to contact Attorney Ham on multiple occasions, but received no response.

[22] SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[23] See note 2.

[24] See note 6.

[25] See note 4.

[26] See note 5.

[27] See note 7.

¶ 25. Attorney Ham's license was temporarily suspended on September 16, 2004, but he never informed K.P. of that fact. Despite the temporary suspension, Attorney Ham did appear in person at the initial appearance on September 30, 2004, and entered a not guilty plea on K.P.'s behalf. At that time, the assistant district attorney offered a plea agreement to Attorney Ham, pursuant to which K.P. would have been required to serve a 30–day jail term.

¶ 26. K.P. telephoned Attorney Ham after the court appearance. Attorney Ham informed her that he had accepted a plea agreement on her behalf. He stated, however, that the agreement required her to serve four days in jail and have her driver's license suspended for one year, contingent upon K.P. providing proof that she had completed an inpatient alcohol program. Attorney Ham told K.P. to meet him at the courthouse on October 18, 2004, for a hearing in her case.

¶ 27. Despite K.P.'s numerous attempts to reach Attorney Ham over the next several weeks, he again failed to communicate with her. He also failed to appear at the October 18, 2004, hearing. On that date, Attorney Ham's attorney called the court to indicate that Attorney Ham's license had been temporarily suspended. This was the first indication of that fact given to the court, the district attorney's office, or K.P. In light of the suspension, the court continued the hearing to November 22, 2004, and advised K.P. either to contact Attorney Ham or retain new counsel.

¶ 28. On November 3, 2004, K.P. sent a certified letter to Attorney Ham, terminating his services and asking for a return of her case file and a refund of her retainer. K.P. appeared at the November 22, 2004, hearing on her own behalf without an attorney, informed the court that she had sought alcohol treatment, and requested that her sentence be four days in

jail, pursuant to what Attorney Ham had told her. The assistant district attorney, however, informed her that the plea agreement required her to serve 30 days in jail and a 16–month suspension of her driver's license. When Attorney Ham failed to reply to K.P.'s request for a return of her retainer, she applied for reimbursement from the Wisconsin Lawyers' Fund for Client Protection (the Fund). In April 2005 the Fund approved payment of $1500 to K.P.

¶ 29. The OLR sent letters to Attorney Ham in December 2004 and January 2005 seeking a response to K.P.'s grievance. Attorney Ham never responded.

¶ 30. The referee concluded that Attorney Ham's failure to return K.P.'s case file and the unearned portion of her retainer had violated SCR 20:1.16(d).[28] The referee also found that by failing to notify K.P. of the temporary suspension of his license to practice law and to advise her to seek other legal counsel, Attorney Ham had violated SCR 22.26(1)(a) and (b),[29] thereby also violating SCR 20:8.4(f).[30] Similarly, the referee concluded that Attorney Ham's failure to notify the circuit court and the district attorney's office of his

---

[28] See note 12.

[29] SCR 22.26(1) states in relevant part: Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[30] See note 7.

379

license suspension had violated SCR 22.26(1)(c),[31] thereby also violating SCR 20:8.4(f).[32] In addition, the referee found that Attorney Ham's appearance at the September 30, 2004, initial appearance while his license to practice law had been temporarily suspended had constituted a violation of SCR 22.26(2),[33] which forbids an attorney whose license has been suspended from engaging in the practice of law in this state, thereby also violating SCR 20:8.4(f).[34] Finally, the referee again concluded that Attorney Ham's willful failure to cooperate with the OLR's grievance investigation had violated SCR 22.03(2),[35] thereby also violating SCR 20:8.4(f).[36]

---

[31] SCR 22.26(1)(c) further states in relevant part that on or before the effective date of license suspension or revocation an attorney shall:

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney or the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[32] See note 7.

[33] SCR 22.26(2) provides:

(2) An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[34] See note 7.

[35] See note 4.

[36] See note 7.

¶ 31. Counts 18–20 also relate to Attorney Ham's failure to notify a client, the court, and the prosecuting attorney of one of his prior temporary suspensions. In the fall of 2004 Attorney Ham was representing J.M. in multiple misdemeanor and criminal traffic cases. Although Attorney Ham's license was temporarily suspended on September 16, 2004, and the court's order explicitly required him to comply with SCR 22.26, Attorney Ham made none of the required notifications. He simply failed to appear at a November 1, 2004, hearing on J.M.'s pending cases. After the prosecuting attorney filed a grievance, the OLR sent letters to Attorney Ham in December 2004 and January 2005 requesting a written response to the grievance. Attorney Ham failed to respond to any of the letters.

¶ 32. For this conduct, the referee concluded that Attorney Ham had violated SCR 22.26(1)(a) and (b)[37] (Count 18), when he failed to notify his client of his license suspension and SCR 22.26(1)(c)[38] (Count 19), when he similarly failed to notify the circuit court and the district attorney's office. By violating these rules regulating the conduct of lawyers, Attorney Ham also violated SCR 20:8.4(f).[39] The referee also concluded that Attorney Ham's failure to respond to the OLR's grievance investigation had violated SCR 22.03(2),[40] thereby also violating SCR 20:8.4(f).[41]

¶ 33. Counts 21–24 relate to Attorney Ham's representation of client S.H. in a sentencing on a reopened

---

[37] See note 29.

[38] See note 31.

[39] See note 7.

[40] See note 4.

[41] See note 7.

criminal conviction after a probation violation. S.H.'s father paid Attorney Ham a flat fee of $500 to represent S.H. On June 25, 2004, Attorney Ham spoke with S.H., who was in jail at the time. Attorney Ham told S.H. that he would talk to the district attorney about recommending that S.H.'s sentence would consist of only time already served and that Attorney Ham would see S.H. at a bail hearing scheduled for July 9, 2004. Attorney Ham never followed up with S.H. and did not appear for the July 9, 2004, hearing. When the court was unable to reach Attorney Ham, it appointed a public defender for S.H. Ultimately, S.H. was sentenced to 110 days in jail. After multiple attempts, S.H. finally reached Attorney Ham, who told her that he would refund the $500 flat fee to her father. S.H.'s father called and also sent a subsequent letter to Attorney Ham requesting that he complete the refund of the $500. Attorney Ham never responded and never refunded the money. Following the father's grievance, the OLR sent multiple letters to Attorney Ham requesting a response to the grievance. Attorney Ham never responded.

¶ 34. The referee found that Attorney Ham's failure to appear at the July 9, 2004, bail hearing had constituted a failure to act with reasonable diligence and promptness, contrary to SCR 20:1.3.[42] The referee further concluded that by failing to inform S.H. that he had been unable to obtain an agreement with the district attorney and that he would not appear at the bail hearing, Attorney Ham had failed to keep his client reasonably informed in violation of SCR 20:1.4(a).[43] The referee also held that Attorney Ham's failure to return the $500 unearned flat fee after the termination

---

[42] See note 22.
[43] See note 2.

of the representation had violated SCR 20:1.16(d).[44] Finally, the referee concluded that Attorney Ham's failure to respond to the OLR had violated SCR 22.03(2),[45] thereby also violating SCR 20:8.4(f).[46]

¶ 35. Counts 25–30 relate to Attorney Ham's representation of client M.B. regarding theft charges. M.B. paid Attorney Ham a $3000 fee to represent her on those charges. After Attorney Ham appeared with M.B. at her initial appearance and a status conference, Attorney Ham's license was temporarily suspended on September 16, 2004. Attorney Ham did not inform either M.B. or the court of this fact. Indeed, M.B. sent documents to Attorney Ham and attempted to contact him, but received no response from him. Although Attorney Ham's license was reinstated on November 17, 2004, Attorney Ham did not contact M.B. and failed to appear at M.B.'s December 14, 2004, pretrial conference. The pretrial conference had to be rescheduled and M.B. was forced to obtain new counsel. Attorney Ham failed to return any of the $3000 fee and failed to respond to the OLR's letters concerning M.B.'s grievance.

¶ 36. The referee concluded that Attorney Ham's failure to attend the December 14, 2004, pretrial conference or otherwise to advance M.B.'s interests during the time his license was not suspended had constituted a failure to act with reasonable diligence and promptness, contrary to SCR 20:1.3.[47] The referee also found that Attorney Ham's failure to communicate with M.B.,

---

[44] See note 12.

[45] See note 4.

[46] See note 7.

[47] See note 22.

other than during the temporary suspension of his license, had constituted a failure to keep the client reasonably informed about a matter, in violation of SCR 20:1.4(a).[48] Attorney Ham's failure to return the unearned portion of the fee qualified as a failure to protect his client's interests following the termination of the representation, contrary to SCR 20:1.16(d).[49] The referee further concluded that Attorney Ham's failure to notify his client (Count 28) and the presiding court (Count 29) had violated SCR 22.26(1)(a), (b),[50] and (c)[51] respectively, thereby also violating SCR 20:8.4(f).[52] Finally, the referee found that Attorney Ham's failure to respond to the OLR's grievance investigation had violated SCR 22.03(2),[53] thereby again violating SCR 20:8.4(f).[54]

¶ 37. Counts 31–34 stem from a letter that a circuit judge wrote to the OLR regarding Attorney Ham's misconduct in two cases pending in the judge's court. The first case involved Attorney Ham's representation of R.J. regarding a criminal traffic charge. After Attorney Ham had made several appearances on R.J.'s behalf and had obtained the suppression of certain evidence, the court ordered the parties to brief an issue relating to the State's attempt to impose a penalty for R.J.'s alleged refusal to submit to a chemical test. Attorney Ham's license was temporarily suspended on

[48] See note 2.
[49] See note 12.
[50] See note 29.
[51] See note 31.
[52] See note 7.
[53] See note 4.
[54] See note 7.

September 16, 2004. Attorney Ham failed either to notify the court or to file the required brief.

¶ 38. Attorney Ham's license was reinstated on November 17, 2004, but Attorney Ham still did not file the brief. The court thereafter issued an amended briefing schedule that required the brief to be filed by December 15, 2004. Attorney Ham again failed to contact the court or file the necessary brief. At this point, the court issued an order requiring Attorney Ham to appear in person on January 3, 2005. Although Attorney Ham's license was still valid at that time, Attorney Ham did not appear and had no further communication with the court.

¶ 39. The other matter involved Attorney Ham's representation of W.K. on similar traffic charges. Attorney Ham attended W.K.'s initial appearance on August 25, 2004. Because Attorney Ham's license was suspended on the date of W.K.'s pretrial hearing, another attorney appeared on his behalf at that hearing. A plea hearing was subsequently scheduled for January 9, 2005, by which time Attorney Ham's license had been reinstated. Although Attorney Ham remained counsel of record on that date, he did not appear. W.K. appeared by himself and told the court that he had been unable to reach Attorney Ham. W.K. ultimately was forced to retain another attorney.

¶ 40. The OLR sent letters to Attorney Ham in February and March 2005 asking him to respond to the circuit judge's grievance. Attorney Ham failed to submit any response. Indeed, when the postal carrier attempted to deliver the OLR's certified letter to Attorney Ham's office, he asked the carrier to mark the letter as "undeliverable as addressed." The carrier replied that he could not do so and marked the letter as "refused."

¶ 41. With respect to the R.J. case, the referee concluded that Attorney Ham's failure to file the brief as required under the court's briefing schedule and his failure to appear in court on January 3, 2005, as ordered by the court, had constituted a failure to act with reasonable diligence and promptness, contrary to SCR 20:1.3.[55] The referee also found that by not appearing on January 3, 2005, Attorney Ham had knowingly disobeyed an obligation under the rules of a tribunal, in violation of SCR 20:3.4(c).[56]

¶ 42. With respect to the W.K. matter, the referee found that Attorney Ham's failure to appear at W.K.'s plea hearing on January 9, 2005, when he was counsel of record and licensed to practice, had violated SCR 20:1.3.[57]

¶ 43. The referee further concluded that Attorney Ham's refusal to accept delivery of the OLR's letter and his willful failure to respond to the OLR's grievance investigation had violated SCR 21.15(4),[58] SCR 22.03(2),[59] SCR 22.03(6),[60] thereby also violating SCR 20:8.4(f).[61]

¶ 44. Counts 35–40 relate to Attorney Ham's representation of K.M. in two separate criminal cases. In

---

[55] See note 22.

[56] SCR 20:3.4(c) states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

[57] See note 22.

[58] See note 6.

[59] See note 4.

[60] See note 5.

[61] See note 7.

the first case, Attorney Ham appeared with K.M. at the initial appearance, the preliminary hearing, and the arraignment. The circuit court then scheduled a telephonic status conference for September 30, 2004. As noted previously, Attorney Ham's license was temporarily suspended on September 16, 2004. On September 27, 2004, K.M. wrote to the court that he had repeatedly attempted to contact Attorney Ham over the previous two months, but that Attorney Ham had not responded. In light of K.M.'s request for a continuance to find new counsel, the court continued the telephonic status conference until December 7, 2004.

¶ 45. In the second case involving K.M., Attorney Ham attended K.M.'s initial appearance, but failed to attend a preliminary hearing scheduled for July 29, 2004. After attempting, unsuccessfully, to reach Attorney Ham, and holding him responsible for witness fees, the court rescheduled the hearing for August 5, 2004, at which time Attorney Ham did appear. Although Attorney Ham's license was temporarily suspended on September 16, 2004, he did not notify either K.M. or the court of that fact.

¶ 46. On January 10, 2005, the court ordered that K.M.'s two cases be consolidated. Attorney Ham's license was temporarily suspended again the following day, but he did not notify K.M., opposing counsel, or the court of the suspension. Attorney Ham failed to appear at the scheduling conference held on January 21, 2005. K.M. again informed the court that Attorney Ham had not communicated with him. The court called Attorney Ham's office, but was unable to leave a message because the answering machine's message storage was full.

¶ 47. On January 24, 2005, the court ordered Attorney Ham to appear on February 10, 2005, to show cause why he had failed to communicate with his client,

why he had failed to appear at the January 21, 2005, scheduling conference, and why he should not be removed as counsel. Attorney Ham failed to appear at the hearing on February 10, 2005. The court then issued an order disqualifying Attorney Ham from K.M.'s cases, requiring Attorney Ham to prepare an itemized billing statement, and mandating that Attorney Ham return any unearned fee to K.M. by March 1, 2005. Attorney Ham failed to take the actions as ordered by the circuit court and also failed to return K.M.'s files.

¶ 48. The OLR sent letters to Attorney Ham at both his home and office addresses regarding the K.M. representation in February and March 2005. Attorney Ham refused delivery of the OLR's certified letter and never responded to OLR's grievance investigation.

¶ 49. With respect to the K.M. representation, the referee found that Attorney Ham had failed to keep his client reasonably informed about the status of a matter, contrary to SCR 20:1.4(a).[62] The referee also concluded that Attorney Ham's failure to return the unearned portion of the $5000 fee had constituted a failure to protect a client's interests upon termination of the representation, in violation of SCR 20:1.16(d).[63] The referee further found that, by failing to appear in court on February 10, 2005, and by failing to prepare and distribute an itemized billing statement, Attorney Ham had knowingly disobeyed obligations under the rules of a tribunal, contrary to SCR 20:3.4(c).[64] The referee also ruled that Attorney Ham had violated SCR 22.26(1)(a) and (b),[65] thereby also violating SCR 20:8.4(f),[66] when

[62] See note 2.

[63] See note 12.

[64] See note 56.

[65] See note 29.

he failed to inform his client that his license had been temporarily suspended on September 16, 2004, and January 11, 2005. Similarly, the referee concluded that Attorney Ham's failure to inform the circuit court and the prosecuting attorney of his temporary license suspensions had violated SCR 22.26(1)(c),[67] thereby also violating SCR 20:8.4(f).[68] Finally with respect to the K.M. representation, the referee found that Attorney Ham's willful failure to accept delivery of the OLR's certified letter and to respond to the OLR's grievance investigation had violated SCR 21.15(4),[69] SCR 22.03(2),[70] and SCR 22.03(6),[71] thereby also violating SCR 20:8.4(f).[72]

¶ 50. Count 41 relates to Attorney Ham's representation of S.K. in a criminal matter and the subsequent grievance filed by S.K. and her parents. The OLR sent Attorney Ham a letter on November 18, 2004, requesting a written response to the grievance, but Attorney Ham did not respond. The OLR sent a second letter, by regular and certified mail, on December 16, 2004. Although the certified letter was unclaimed, the letter sent by regular mail was not returned, indicating that it had been delivered. The OLR's district committee made two more unsuccessful attempts to contact Attorney Ham in May 2005. Attorney Ham never responded to the OLR's requests for information. Consequently, the referee concluded that Attorney Ham

---

[66] See note 7.

[67] See note 31.

[68] See note 7.

[69] See note 6.

[70] See note 4.

[71] See note 5.

[72] See note 7.

had violated SCR 21.15(4),[73] SCR 22.03(2),[74] and SCR 22.03(6),[75] thereby also violating SCR 20:8.4(f).[76]

¶ 51. Counts 42–48 relate to Attorney Ham's representation of C.L. in a criminal matter. After entering an appearance in C.L.'s case on August 31, 2004, Attorney Ham's license was temporarily suspended on September 16, 2004. Attorney Ham failed to notify C.L., the prosecutor, or the court of his suspension. Although a final pretrial conference had been scheduled for October 28, 2004, Attorney Ham told C.L. that the hearing had been cancelled. Consequently, C.L. did not appear at the conference. Attorney Ham also failed to appear. Another attorney, who was not representing C.L., did show up at the conference and stated that Attorney Ham had asked him to notify the court of his license suspension and to request that the court leave the case on the trial schedule.

¶ 52. The court held another pretrial conference on November 11, 2004. Attorney Ham again did not appear. C.L. did appear and told the court that he had again been unable to reach Attorney Ham despite having left many messages at his office. C.L. also informed the court that on November 2, 2004, he had delivered a $7500 cashier's check to Attorney Ham that was to be used to pay restitution.

¶ 53. The court continued the case until December 1, 2004, when it conducted another status conference. Although C.L. appeared, Attorney Ham did not, despite having been notified of the conference by the court. At that hearing, C.L. stated that Attorney Ham

[73] See note 6.
[74] See note 4.
[75] See note 5.
[76] See note 7.

had previously told him that he was working out a deal with the assistant district attorney for the payment of restitution in the present case and another case in return for C.L.'s release from jail on an electronic monitoring device. The assistant district attorney denied having had any such conversations with Attorney Ham and stated that no restitution had been paid on C.L.'s behalf.

¶ 54. At a further hearing on December 17, 2004, C.L. informed the court that he could not afford to hire another attorney because he had scraped together all of his money to pay the $7500 in restitution and Attorney Ham's retainer of $1750.

¶ 55. At that point, the assistant district attorney subpoenaed Attorney Ham's trust account records. The records showed that Attorney Ham had deposited the $7500 into his client trust account on November 8, 2004. The records also showed that Attorney Ham had made 32 disbursements from his trust account from November 2, 2004, through December 12, 2004. Included among those disbursements were 23 withdrawals for cash, totaling more than $5000. Attorney Ham had also issued a trust account check for $815 to the company that managed his apartment building and two trust account checks each for $454 to the owner of the building in which his law office was located. Attorney Ham had also used a trust account check in the amount of $404.66 to pay his annual dues and assessments to the State Bar of Wisconsin. Ultimately, because of questions concerning the source of C.L.'s $7500 cashier's check, the district attorney obtained a freeze on the $7500 in Attorney Ham's client trust account.

¶ 56. The OLR sent letters to Attorney Ham in December 2004 and January 2005 requesting information on the grievance that had been filed in this matter. Attorney Ham failed to submit any response.

¶ 57. Based on these facts concerning the C.L. representation, the referee concluded that Attorney Ham had violated SCR 22.26(1)(a) and (b)[77] (Count 42), and SCR 22.26(1)(c)[78] (Count 43), thereby also violating SCR 20:8.4(f),[79] when he failed to notify C.L., the prosecuting attorney, and the court of his temporary license suspension. The referee also concluded that by retaining the $7500 from his client instead of promptly using those funds to provide restitution in C.L.'s criminal matters, Attorney Ham had violated SCR 20:1.15(d)(1).[80] The referee also found that Attorney Ham's failure to appear at the December 1, 2004, status conference, after he had received notice from the court and his license had been reinstated, had constituted a failure to act with reasonable diligence and promptness, contrary to SCR 20:1.3.[81] The referee further concluded that Attorney Ham had violated SCR 20:1.15(e)(4)a.,[82]

---

[77] See note 29.

[78] See note 31.

[79] See note 7.

[80] SCR 20:1.15(d)(1) states: Prompt notice and delivery of property.

> (1) Notice and disbursement. Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[81] See note 22.

[82] SCR 20:1.15(e)(4)a. states that "[n]o disbursement of cash shall be made from a trust account or from a deposit to a trust account, and no check shall be made payable to 'Cash.' "

when he had made cash disbursements from his client trust account. The referee also ruled that by disbursing client trust account funds to pay his office rent, his apartment rent, and his annual bar dues and assessments, Attorney Ham had failed to hold client property in trust, separate from his own property, contrary to SCR 20:1.15(b)(1).[83] Finally, the referee again concluded that Attorney Ham's willful failure to respond to the OLR's grievance investigation had violated SCR 22.03(2),[84] and SCR 22.03(6),[85] thereby also violating SCR 20:8.4(f).[86]

¶ 58. Attorney Ham's client P.B. also filed a grievance against him. As it had done on other occasions, the OLR sent a copy of the grievance to Attorney Ham's home and office address and asked for a written response. Approximately a month later, the OLR sent another letter to Attorney Ham asking for a response. Attorney Ham never responded. Accordingly, the referee concluded that Attorney Ham had violated SCR 22.03(2),[87] and SCR 22.03(6),[88] thereby also violating SCR 20:8.4(f).[89]

---

[83] SCR 20:1.15(b)(1) provides: Segregation of trust property.

> (1) Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[84] See note 4.

[85] See note 5.

[86] See note 7.

[87] See note 4.

[88] See note 5.

[89] See note 7.

¶ 59. Counts 50–53 relate to Attorney Ham's representation of G.H. in a federal criminal matter. Attorney Ham represented G.H. through trial and sentencing. Shortly thereafter, on August 2, 2004, G.H.'s wife delivered a $7000 retainer fee to Attorney Ham to cover G.H.'s appeal. After delivering the retainer, neither G.H. nor his wife heard from Attorney Ham, despite multiple voicemail messages and a letter from G.H.'s wife. After nothing had been done on the appeal, in March 2005 the U.S. Court of Appeals for the Seventh Circuit issued an order to show cause why the appeal should not be dismissed. Ultimately, the Seventh Circuit discharged Attorney Ham as counsel and appointed new counsel for G.H. Attorney Ham never refunded the $7000 retainer to G.H. or his wife.

¶ 60. In April and May 2005 the OLR sent letters to Attorney Ham's home address and post office box requesting a response to the grievance concerning his representation of G.H. Attorney Ham never responded.

¶ 61. The referee concluded that Attorney Ham's failure to take any action on G.H.'s appeal had violated SCR 20:1.3.[90] The referee also found that Attorney Ham had failed to keep the client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[91] By failing to return the $7000 retainer, the referee concluded that Attorney Ham had violated SCR 20:1.16(d).[92] Finally, the referee again concluded that Attorney Ham's failure to respond to the OLR

---

[90] See note 22.

[91] See note 2.

[92] See note 12.

394

grievance investigation had violated SCR 22.03(2),[93] and SCR 22.03(6),[94] thereby also violating SCR 20:8.4(f).[95]

¶ 62. In light of the 53 separate counts of professional misconduct concerning 16 different clients, the referee recommended that the court revoke Attorney Ham's license to practice law in this state. The referee emphasized the clear pattern of repeated violations. He also noted the serious nature of the misconduct, especially the misuse of trust account funds to pay Attorney Ham's personal expenses. The referee also recommended that Attorney Ham be required to pay restitution to four clients in the total amount of $10,000. The referee further recommended that, for two clients for whom Attorney Ham had done some work, he be required to provide an accounting to them and return the unearned retainer fees. Finally, the referee recommended that Attorney Ham be ordered to pay the costs of the proceeding.

¶ 63. After our independent review of the matter, we approve and adopt the referee's findings of fact and conclusions of law. We agree that the serious nature and obvious pattern of Attorney Ham's professional misconduct requires that his license to practice law in Wisconsin be revoked in order to protect the public. We also agree with the referee's recommendation that Attorney Ham be required to pay restitution to clients M.H., S.H. (or her father), and G.H and to the Wisconsin Lawyers' Fund for Client Protection (for its payment to K.P.). We also agree that Attorney Ham must be required to

[93] See note 4.

[94] See note 5.

[95] See note 7.

provide a full accounting to clients M.B. and K.M., and to return any unearned fees to them. Finally, we agree that Attorney Ham should be required to pay the costs of this proceeding, which were $2431.55 as of December 29, 2005.

¶ 64. IT IS ORDERED that the license of David L. Ham to practice law in Wisconsin is revoked effective the date of this order.

¶ 65. IT IS FURTHER ORDERED that David L. Ham comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶ 66. IT IS FURTHER ORDERED that within 60 days of the date of this order, David L. Ham make restitution payments to the following clients and the Wisconsin Lawyers' Fund for Client Protection in the following amounts:

| | |
|---|---|
| M.H. | $1000 |
| S.H. (or her father) | $ 500 |
| G.H. | $7000 |
| Wisconsin Lawyers' Fund for Client Protection (K.P.) | $1500 |

¶ 67. IT IS FURTHER ORDERED that within 60 days of the date of this order, David L. Ham provide an itemized invoice and full accounting to clients M.B. and K.M. and return any unearned retainer fees to them.

¶ 68. IT IS FURTHER ORDERED that within 60 days of the date of this order, David L. Ham pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 69. IT IS FURTHER ORDERED that restitution to clients M.H., S.H., and G.H. and to the Wisconsin Lawyers' Fund for Client Protection and the return

of unearned retainer fees to clients M.B. and K.M. is to be completed prior to paying costs to the Office of Lawyer Regulation.